Fordham agt. Smith.

## COURT OF APPEALS.

SAMUEL FORDHAM, respondent, agt. WILLIAM SMITH, appellant.

A Referee cannot disregard undisputed evidence, nor judicially infer something else
to be true, of which there is no evidence.

A refusal to find facts of which there is evidence undisputed, and an exception to
such refusal, raises a question of law to be heard by the court of appeals.

*September,* 1871.

PHILIP S. CROOKE, *for appellant.*
WM. J. OSBORNE, *for respondent.*

FOLGER, *J.*—This action is for the alleged wrongful conversion by the defendant of a promissory note made by him, and delivered to the plaintiff.

The learned referee has found that it came again, unlawfully, into the possession of the defendant, and was by him, in collusion with the payee, destroyed, or was converted to his own use by him.

The sole question presented by this appeal is whether there is any evidence on which the learned referee could base this finding.

It is to be observed, that no witness spoke upon the trial, save such as was called by the plaintiff.

The plaintiff must be held then to have thought each witness credible, and to have presented him to the court as truthful (*Thompson agt. Blanchard,* 3 Coms., 303-11).

Doubtless the learned referee had the right to have found any witness mistaken in his statements, and if there was a

contradiction between his testimony and that of the other, or that of any other of the witnesses, have decided the question of the fact contrary to such statement. But he could not judicially deem some of them false and perjured, and so hold, and because so holding, infer therefrom that the truth of the matter was the reverse of what was testified to by the witness so deemed.

Now the defendant was by the plaintiff called as a witness, and testified that he knew nothing of the note, that he had not got it, that he had never seen it, since he had given it to Campbell, the payee of it, that he did not know what had become of the note, that he did not know what Campbell had done with it, that he had never seen it since.

And the payee Campbell being also called as a witness by the plaintiff testified to the defendant's declaration, that he had never seen the note after it was given.

Thus, there is positive testimony from a witness of the plaintiff speaking in court, and proof of the declaration of the same person given by the plaintiff, that the note did not again come into the defendant's possession and was not by him converted to his own use.

There is no direct testimony that it did come again into his possession, or that it was by him converted to his own use. There is no testimony of other facts, from which the learned referee has inferred that it was possible that it could have, and probable that it did. Thus, Campbell the payee of the note testified, that he went to the defendant's house and found him sick in bed, at the point of death, not expected to recover, that he (Campbell) had the note with him enclosed in an envelope, addressed to the defendant, that his intention in going to the house of the defendant was to give him the note, that without speaking to him on the subject he left the note at the house, with no person, but lying on a table in the sick-room in which there was no one but the defendant. The wife of the defendant and her brother were in the house in attendance upon the defendant. Further,

the defendant on his examination, said that he had had no conversation with Campbell about this suit, and that he did not see how any suit could be brought against him. And it was also proven that he had made the declaration that he had never given Campbell any note.

Upon this testimony, and upon the fact that neither the wife of the defendant, nor her brother, was called as a witness to explain, the learned referee discredits and discards the positive and direct testimony of the defendant as a witness, put upon the stand by the plaintiff and by the plaintiff thus certified to be credible. A direct and positive negative from such a witness is allowed to be over borne by a possibility, from which is inferred a probability, and that probability deemed to be so certain as to warrant a finding and a judgment for the plaintiff.

It is possible that the sick man, at the point of death, not expected to recover from what seemed a mortal sickness, may have arisen from his bed and possessed himself of the note, of the presence of which in the room it is not shown that he was aware. It is possible that the wife or the brother may have found, upon the table, the envelope addressed to the defendant and upon his recovery have delivered it to him. But there is no such legal certainty or probability that either of these things took place, as should be permitted to overcome the out and out denial of the defendant if it is to be held as uttered with truthful purpose. Nor is the truthfulness of that denial so shaken by anything disclosed in the evidence as that it should be held not to be.

What is that evidence? The defendant did say, that he had never given this note to Campbell. It was an accomodation note, and he might, with that fact in his mind, well say that he had not given it, for in his judgment he had lent it. His saying as a witness that he did not see how any suit could be brought against him, is not strange. For, if as he asserts, he had not converted the note, this suit would not lie. And we find his counsel through successive appeals,

Fordham agt. Smith.

contending that this was an accomodation note, and that as the plaintiff had never parted for it with anything of value, he was not a *bona fide* holder of it, and so not able to maintain a suit upon the note against the defendant.    Even though counsel should be found in error in this regard, the defendant, relying upon counsel, may have been inoculated with that belief, and so believing have testified.

That the wife, or the brother of the wife, of the defendant, was not called to explain, is not incompatible with the defendants' position.    They were as amenable to the process of the plaintiff as to that of the defendant, and the defendant had as much right to risk the weakness of the plaintiffs' case, as made by him, as the plaintiff to risk its strength, and so neither is more reprehensible than the other in not accumulating testimony upon the issue between them, although the defendant may be presumed to best know to what they would testify.

On the whole then, the case sought to be made by the plaintiff, is positively negatived by a part of the testimony by him produced.    And from the other part of it, there is no inference legitimately to be made which will amount to a legal certainty or probability.    And though it was in the province of the learned referee to presume and to infer, it was to presume and to infer only in such wise as was warranted by all the evidence before him.    We think that he has done other than this, and has made findings and rendered judgment not at all to be sustained by the evidence before him, nor by any just and legal inference from it.

The judgment should be reversed, and a new trial ordered, with costs to abide the event.

FOLGER, *J.*, reads opinion for reversal and new trial. CHURCH, *Ch. J.*, ALLEN, RAPALLO and ANDREWS, *JJ.*, concur.